MARSTON CAMPBELL, SUPERINTENDENT OF PUB-
LIC WORKS OF THE TERRITORY OF HAWAII, *v.*
JAMES STEINER, MRS. THERESA LOUISSON,
THE FIRST NATIONAL BANK OF HAWAII, AN
HAWAIIAN CORPORATION HAVING ITS PRIN-
CIPAL OFFICE AT HONOLULU, TERRITORY OF
HAWAII, ELIZABETH J. MONSARRAT, R. W.
SHINGLE, SIMPSON DECKER, JESSE M. Mc-
CHESNEY, ED. TOWSE, AND CHARLES W. ZEIG-
LER, TRUSTEES OF MYSTIC LODGE NO. 2,
KNIGHTS OF PYTHIAS OF HONOLULU, MYSTIC
LODGE NO. 2, KNIGHTS OF PYTHIAS OF HONO-
LULU, LIBERT HUBERT J. L. BOEYNAEMS,
BISHOP OF ZEUGMA, VICAR APOSTOLIC OF
HAWAII, ST. LOUIS COLLEGE ALUMNI ASSO-
CIATION, AN HAWAIIAN CORPORATION HAV-
ING ITS PRINCIPAL OFFICE AT HONOLULU,
TERRITORY OF HAWAII, JAMES F. MORGAN,
JOHN SULLIVAN, JOHN BUCKLEY, JOHN DOE,
MARY DOE, AND RICHARD ROE, UNKNOWN
OWNERS AND CLAIMANTS.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 10, 1911.          DECIDED APRIL 12, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COSTS—*territorial officer exempt from.*

    In proceedings instituted by one as superintendent of public
works on behalf of the Territory costs are not taxable against the
plaintiff upon the sustaining of a demurrer on the ground that the
Territory, and not the superintendent, should be the party plain-
tiff.

· OPINION OF THE COURT BY PERRY, J.

Upon interlocutory exceptions to the overruling of a demur-
rer in this case we have held that "the demurrer should be sus-
tained without leave to amend, and without prejudice to the
right of the Territory or other governmental authority to in-
stitute such proceedings as may be advised," and remanded the

cause for further proceedings not inconsistent with the opinion. Ante 365. Subsequently in the circuit court the plaintiff filed a discontinuance and three of the defendants presented bills of costs for taxation. The following questions have been reserved by the circuit court for the consideration of this court: (1) Has plaintiff the right to file a discontinuance after the former decision of this court directing the entry of judgment for the defendants on the demurrer? (2) Has the trial court "the right or duty to enter judgment on the pleadings?" (3) "Should costs be taxed at all against this plaintiff?"

The plaintiff has expressly abandoned in this court the claim of a right to discontinue, thus rendering unnecessary an answer to the first question. On the subject of costs, section 1 of Act 63 of the Laws of 1907 applies. "Neither the Territory nor any County or Municipality thereof or any officer acting in his official capacity on behalf of the Territory or any County or Municipality thereof, shall be taxed costs or required to pay the same or file any bond or make any deposit for the same in any case." The language of the statute is plain. No officer acting in his official capacity on behalf of the Territory may be taxed costs in any case. The facts are undisputed. The plaintiff sued not in his individual capacity but as superintendent of public works "acting on behalf of the Territory of Hawaii." The condemnation of land prayed for was solely for the benefit of the superintendent of public works representing the Territory of Hawaii. While the title and the allegations of the petition were insufficient, as we held, to render the Territory the party plaintiff, nevertheless the petition was that of an "officer acting in his official capacity on behalf of the Territory." See *In re Jew Yuen Mow*, ante 359, 360, 361.

Answering the reserved questions, the circuit court is advised that judgment should be entered as directed in our former opinion and order, and that costs should not be taxed against the plaintiff.

*E. W. Sutton, Deputy Attorney General.* for plaintiff.

*Thompson, Clemons & Wilder* and *C. C. Bitting* for defendants.